*Inhabitants of* NEW-VINEYARD, *Pet. for cer.* vs. *Inhabitants of the* COUNTY OF SOMERSET.

The County Commissioners have power to establish a public highway from one place to another place within the same town.

THE inhabitants of *New-Vineyard* petitioned for a certiorari to the County Commissioners for the purpose of having their proceedings in establishing a road, wholly within the limits of that town, quashed. The facts in the case, and the positions taken in argument appear in the opinion of the Court.

*R. Goodenow*, for the petitioners, cited *stat.* of 1821, *c.* 118, and *stat.* 1831, *c.* 500, *sec.* 4.

*E. Allen*, County Attorney, for the County, insisted, that the power given in the *stat.* of 1821, *c.* 118, was not restricted by

the act of 1831, *c.* 500; and cited *Commonwealth* v. *Cambridge*, 7 *Mass. R.* 158; *Emerson* v. *County of Washington*, 9 *Greenl.* 88, and 98; *Ex parte Baring*, 8 *Greenl.* 137; *3 Pick.* 408; 10 *Mass. R.* 226; 1 *Pick.* 351.

*H. Belcher* appeared for the original petitioners.

After a continuance, the opinion of the Court was prepared by

SHEPLEY J. — This petition sets forth several errors in the proceedings in locating a highway in the town of *New-Vineyard;* none of which were insisted upon at the argument except one, alleging a want of jurisdiction in the county commissioners, because the highway prayed for is described in the petition as being wholly within the limits of that town.

The first section of the act of *March* 2d, 1821, gives the court of sessions authority to lay out or alter highways, "from town to town or place to place;" and this language is adopted from the act of *Massachusetts*, of the 27th of *February*, 1787; and it had there received a judicial construction in the case of the *Commonwealth* v. *Cambridge*, 7 *Mass. R.* 158; where it was decided, that the words from place to place authorized the sessions to establish a highway wholly within the limits of one town.

This construction, according to established precedents, must be understood to have been adopted by our legislature in its use of the same phraseology. That power the county commissioners had at the time these proceedings took place, unless repealed or altered by the act of the tenth of *March*, 1831. The third section of this act gives the county commissioners, "all the powers, authorities, and duties" of the court of sessions, "except so far as the same are modified or altered by the provisions of this act;" and all acts and parts of acts inconsistent with its provisions are repealed. The fourth section prescribes the mode of proceeding upon petitions, and says, "that all and every petition for the laying out, alteration, or discontinuance of any highway or common road leading from town to town shall be presented to the county commissioners."

The argument is, that the omission of the words "place to place" in this section is a limitation of their powers.

New-Vineyard *v.* Somerset.

No highway for the convenience of all the citizens can be established, altered or discontinued by the towns, their authority extending only to the location of town and private ways. If an important alteration or a new highway is required to promote the public good, and to render more convenient the public travel for miles within the limits of any one town, such improvement cannot upon this construction be made, because there is no power either in the county commissioners or in the towns to make it. Nor can a way like situated, and which has become useless, be discontinued, for the same reason. A construction so manifestly at variance with all past proceedings, and making an alteration in the laws of such importance should not be adopted, unless it is clear that such was the intention of the legislature. The power is given to the county commissioners in the third section ; and the omission of the words from place to place in a section not framed with any apparent design to act upon their jurisdiction, but with the design to prescribe merely the course of proceeding, cannot be regarded as exhibiting an intention on the part of the legislature of making so material an alteration in their powers. The purpose to be accomplished by the section is to be examined ; and when that purpose is fully carried out, there is little reason to look for another, and a very different one. If it was the intention to limit the powers of the commissioners in such a manner, it would reasonably be expected, that such intention should be, if not clearly expressed, more distinctly exhibited, than by the omission of words in a section designed for a different purpose, than that of defining their jurisdiction and powers.

*Writ not granted.*